UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

BROOKLYN, NEW YORK

-----------------------------------------------------------X

Jin, Yang,
A064-480-428

Plaintiff,                                                    <u>Civil No. 21-2619</u>

-v-                                                  **COMPLAINT**

Alejandro Mayorkas,
Secretary, Department of Homeland Security,

Michael Borgen,
District Director, U.S. Citizenship and
Immigration Services, New York City District,

Merrick B. Garland,
Attorney General of the United States,

Tracy Renaud,
Acting Director,
U.S. Citizenship and Immigration Services,

Defendants.
-----------------------------------------------------------X

Plaintiff, Jin, Yang, by and through counsel, alleges the following:

1. This is an action for declaratory and injunctive relief and in the nature of a Mandamus to compel agency action that has been unlawfully withheld.

**<u>JURISDICTION</u>**

2. This action arises under the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. §§1101 et seq., the Administrative Procedure Act ("APA"), 5 U.S.C. §§551 et seq., and the mandamus statute, 28 U.S.C. §1361. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331, 1337 and 1361; the Court may grant relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201 et seq., the INA, the APA, and 28 U.S.C. § 1361.

## **PARTIES**

3. Plaintiff, Jin, Yang (hereinafter, Ms. Jin), is a native and citizen of the People's Republic of China born on October 21, 1989.

4. Ms. Jin is currently residing at 4656 Burling St, Flushing NY 11355, which is within the jurisdiction of this Court. **Exhibit A.**

5. Defendant United States Citizenship and Immigration Services ("USCIS") is an agency organized and existing under the laws of the United States of America. The USCIS has responsibility for adjudicating applications under the Act, and maintains offices within the Eastern District of New York. Defendant Alejandro Mayorkas, is the duly appointed, qualified, and confirmed Secretary of the Department of Homeland Security, and as such is the official charged with the supervision, oversight, and direction of the USCIS.

6. Defendant, Michael Borgen, is the district director for the New York District of the USCIS. The New York District office has jurisdiction over the five boroughs of New York City and the nine counties within the State of New York, and has the responsibility of adjudicating immigration applications within these confines.

7. Defendant Merrick B. Garland is the duly appointed, qualified, and confirmed Attorney General of the United States, and as such is the official charged with the enforcement of the laws of the United States and the official charged with the enforcement of the laws of the nation.

8. Defendant Tracy Renaud is the acting Director of the the United States Citizenship and Immigration Services. As such, he is responsible for the adjudication of petitions and applications for immigrant benefits, including I-751, Petition to Remove Conditions on Residence.

## **VENUE**

9. Venue is proper in that Petitioner resides at 4656 Burling St, Flushing NY 11355, which is within this District. Petitioner's petition of I-751 is pending before USCIS National Benefits Service Center.

## **FACTS**

10. On September 11, 2015, Ms. Jin obtained conditional permanent resident. **Exhibit B.**

11. On August 28, 2017, Ms. Jin filed I-751 petition to remove conditions on residence.

12. On February 10, 2020, USCIS issued Request for Evidence to Ms. Jin. Ms. Jin responded on time. **Exhibit C.**

13. On May 22, 2020, USCIS transferred Ms. Jin's I-751 from Vermont Service Center to National Benefits Center. **Exhibit D.**

14. Generally, an applicant must apply to remove the conditions on permanent residence with his/her U.S. citizen or lawful permanent resident spouse or stepparent (called "filing jointly") if:

- He/she are still married to the same U.S. citizen or lawful permanent resident after two years;* or
- His/her parent is still married to the same U.S. citizen spouse or lawful permanent resident after two years and he/she is not included in his/her parent's Form I-751.

15. The applicant may file Form I-751 without your U.S. citizen or lawful permanent resident spouse or stepparent if:

- The U.S. citizen or lawful permanent resident spouse or stepparent is deceased and he/she entered the marriage in good faith;
- He/she married in good faith, but the marriage ended through divorce or annulment;*
- He/she married in good faith, but his/her child were battered or subjected to extreme cruelty by your U.S. citizen or permanent resident spouse ;
- His/her parent married in good faith, but his/her were battered or subjected to extreme cruelty by your U.S. citizen or permanent resident stepparent or parent; or
- The termination of your status and removal from the United States would result in extreme hardship.

16. Ms. Jin meets the criteria and she has submitted all the necessary documents and information along with her I-751 application.

17. As a matter of law, USCIS is in possession of all the information needed to adjudicate Ms. Jin's I-751 petition. As described in Paragraph 13 and above, USCIS received the Plaintiff's Form I-751 petition and supporting documents as indicated by the agency's issuance of a receipt notice dated August 28, 2017. USCIS has not adjudicated the application since 2017.

## EXHAUSTION OF REMEDIES

18. Ms. Jin, through her attorney, has attempted to resolve this matter without the need for court involvement. Ms. Jin has made several service requests concerning the status of the applications to no avail.

## CLAIMS FOR RELIEF

### COUNT ONE

19. The allegations set forth in paragraphs 1 through 18 above are repeated and re-alleged as though fully set forth herein.

20. Under the APA, 5 U.S.C. §555(a), agencies are required to proceed with reasonable dispatch to conclude matters presented to them. Under the APA, 5 U.S.C. §706(a), this Court has the power to compel agency action which has been unlawfully or unreasonably withheld or delayed.

21. The continuing failure of the USCIS to adjudicate Ms. Jin's application for Adjustment of Status (form I-751), filed over violates the APA requirement that agencies proceed with reasonable dispatch to adjudicate the matters presented to them.

### COUNT TWO

22. The allegations set forth in paragraphs 1 through 21 above are repeated and re-

alleged as though fully set forth herein.

23. The actions of USCIS, in failing to adjudicate Ms. Jin's petition to remove conditions on residence (form I-751) contrary to the Due Process clause of the Fifth Amendment of the U.S. Constitution. See INS v. Cardoza-Fonseca, 107 S. Ct. 1207, 1219 (1987) ("The distinction between the mandatory and discretionary parts of the statute has practical significance. What the Attorney General and his delegates must exercise is discretion.") (citations omitted); United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 267 (1954). ("failure to exercise discretion is a reversible error."); Asimakopoulos v. INS, 445 F.2d 1362, 1365 (9th Cir. 1992) ("The Board's failure to exercise discretion is reversible error."); Fesseha v. INS, 1999 U.S. App. LEXIS 20852, *4 (10th Cir. 1999) ("When the regulations grant the attorney general discretion, the attorney general must exercise its discretion."); Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir. 1995) ("If an applicant can show eligibility for asylum, then the INS must exercise its discretion to determine if the applicant is entitled to asylum."); Doe v. United States, 54 Fed. Cl. 404, 405 (2002) (when congress divest an agency discretion, the agency "must exercise its discretion" when deciding matters before it.).

**COUNT THREE**

24. The allegations set forth in paragraphs 1 through 23 above are repeated and re-alleged as though fully set forth herein.

25. The failure of USCIS to adjudicate Ms. Jin's application to adjust her status constitutes irreparable harm.

**PRAYER FOR RELIEF**

WHEREFORE, Ms. Jin prays this Honorable Court and demands judgment against defendants as follows:

a. Declare the failure of the United States of Citizenship and Immigration Services to adjudicate Ms. Jin's application to adjust her status unlawful;

b. Order defendant to adjudicate the applications forthwith; and

c. Grant any and all other relief this Court deems just and proper.

Dated:   Houston, Texas
           May 10, 2021
            Respectfully submitted,

_____

Ying Xiang, Esq.
Counsel for Petitioners
2717 Minimax St #1445
Houston TX 77008
Phone: 512-522-1562

# ATTORNEY VERIFICATION

I, Ying Xiang, authorized representative of Plaintiff, affirm under penalty of perjury that:

The statements and facts contained in the Complaint are true to my knowledge, except as to those matters that are stated in it on my information and belief, and as to those matters, I believe them to be true.

Dated: Houston, Texas
May 10, 2021
Respectfully submitted,

_____

Ying Xiang, Esq.
Counsel for Petitioners
2717 Minimax St #1445
Houston TX 77008
Phone: 512-522-1562

# AFFIRMATION OF SERVICE

Ying Xiang, being an attorney duly admitted to the practice of law in the States of New York and in the courts of the United States does hereby affirm under penalties of perjury and pursuant to Federal Rules of Civil Procedure Rule 4 that the following is true:

On May 10, 2021, I placed a true copy of the Petition for a Writ of Mandamus (Complaint, Attorney Verification, Appendix, and Summons) in a secure envelope and mailed the same via U.S. Postal Service Certified Mail (return receipt requested), postage pre-paid, to:

U.S. Attorney's Office for Eastern District of NY
271 Cadman Plaza East
Brooklyn, NY 11201

Merrick B. Garland, Jr., Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Michael Borgen, District Director
U.S. Citizenship and Immigration Services
26 Federal Plaza, Room 901
New York, NY 10278

Alejandro Mayorkas,
Secretary of Department of Homeland Security
Department of Homeland Security
Washington, D.C. 20508

Tracy Renaud, Acting Director of USCIS
National Benefits Center
850 NW Chipman Rd Suite 5000,
Lee's Summit, MO 64063

Dated: New York, New York
May 10, 2021

_____
Ying Xiang, Esq.
Counsel for Petitioner
2717 Minimax St #1445
Houston, TX 77008
Phone: 512-522-1562